UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY,<br>    Plaintiff,<br>vs.<br><br>INTERTAPE POLYMER GROUP, INC.,<br>IPG (U.S.) HOLDINGS INC., IPG (U.S.)<br>INC. and CENTRAL PRODUCTS<br>COMPANY,<br><br>    Defendants. | CASE NO. 03-2651 JRT/FLN |

DEFENDANT'S EXHIBITS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

DEFENDANT'S EXHIBIT NUMBER 14



**ARTHUR CHAPMAN**
KETTERING SMETAK & PIKALA P.A.
Attorneys at Law

*500 Young Quinlan Building*
*81 South Ninth Street*
*Minneapolis, MN 55402-3214*
*Telephone (612) 339-3500*
*Fax (612) 339-7655*
*www.arthurchapman.com*
AN EQUAL OPPORTUNITY EMPLOYER

**LINDSAY G. ARTHUR, JR.**
*Lgarthur@arthurchapman.com*
Licensed in MN, WI & ND

August 18, 2003

Mr. Timothy M. Kenny
Fulbright & Jaworski L.L.P.
225 South Sixth Building, Suite 4850
Minneapolis, MN 55402-4320

RE:   3M v. Intertape
      Our File No:   31823

Dear Tim,

I am enclosing herewith a proposed stipulation for a protective order, which fully mirrors the order entered in the Shurtape/Manco litigation. As such, I assume it is acceptable to your client, so I would appreciate it if you would execute it and send it to the court for signature without delay.

In order to save both our clients a lot of time and money, I have the following proposals for discovery.

1. All documents produced by 3M in the Shurtape/Manco lawsuit, and which are still in the possession of Arthur, Chapman at this time, will be deemed to have been produced in this case, subject to the protective order that will be entered in this case. To avoid any misunderstandings about what documents we still have, I will provide you with the bates numbers of all 3M documents still in our possession, or you may come over here to look at the documents yourself. With that in mind, we will not serve document demands on 3M that would require production of these same documents.

2. All deposition transcripts, and all referenced deposition exhibits, taken in the Shurtape/Manco lawsuit of 3M employees, may be used in this case, and the terms of the protective order that will be entered in this case will continue to protect all testimony or exhibits designated by 3M as confidential in those depositions or deposition exhibits. With that in mind, we will not seek to take depositions of these same witnesses without

August 18, 2003
Page 2

    articulating good cause therefor, or as may be necessary to cover matters occurring after the date the depositions were taken.

3.    Documents and depositions designated as confidential by parties other than 3M may be used in this case only with the consent of the party designating the documents or depositions confidential, or upon order of the court in this case.

Let me know if you have any proposed amendments or additions to this proposal. As I would like to be able to meet with my clients and discuss this case substantively in advance of our Rule 16 Conference, I would appreciate your response to these suggestions at your earliest convenience.

I look forward to working with you again.

Sincerely,

Lindsay G. Arthur, Jr.

LGA/kt
Enclosure

# FULBRIGHT & JAWORSKI L.L.P.    #31823

A REGISTERED LIMITED LIABILITY PARTNERSHIP
225 SOUTH SIXTH STREET, SUITE 4850
MINNEAPOLIS, MINNESOTA 55402-4320
WWW.FULBRIGHT.COM

TKENNY@FULBRIGHT.COM                                    TELEPHONE:   (612) 321-2800
DIRECT DIAL: (612) 321-2805                             FACSIMILE:   (612) 321-9600

September 12, 2003

Lindsay G. Arthur, Jr., Esq.
ARTHUR, CHAPMAN,
  KETTERING, SMETAK &
  PIKALA, P.A.
81 South Ninth Street
500 Young Quinlan Building
Minneapolis, MN 55402

RE:   *3M Company v. Intertape Polymer Group Inc., IPG (U.S.) Holdings Inc., IPG (U.S.)*
      *Inc. and Central Products Company*
      Civil Action No. 03-CV-2651 JRT/FLN
      Matter No. THTM:1047 (10300890)

Dear Lindsay:

This letter is in response to your August 18, 2003 letter containing Defendants' discovery proposal and attaching a proposed Protective Order, and to memorialize our discussion of these issues during our Rule 26(f) meeting on August 22. To confirm, 3M agrees to the Protective Order, and has signed and forwarded it to the Court.

With respect to Intertape's discovery proposal, 3M is willing to agree to the terms of Defendants' proposal, so long as Intertape agrees to 3M's additions and limitations set forth below:

1. 3M agrees to numbered paragraph 1. We request that you provide us with a written list of the Bates numbers of the 3M documents for our file.

2. 3M agrees with numbered paragraph 2, except with respect to 3M's 30(b)(6) deposition from the Shurtape/Manco case. 3M proposes that Defendants agree not to use 3M's 30(b)(6) deposition from the previous case and that Defendants take a new 30(b)(6) of 3M for this case.

3. 3M agrees with numbered paragraph 3, except with respect to Defendants. As you will recall, Shurtape took the third party deposition of Intertape in the earlier case (and Intertape produced a small number of documents). 3M proposes that Defendants agree to permit 3M to use the Intertape deposition transcript and documents from the Shurtape/Manco case, for whatever purpose 3M decides to use those materials in this case

25328703.1

HOUSTON • NEW YORK • WASHINGTON DC • AUSTIN • DALLAS • LOS ANGELES • MINNEAPOLIS • SAN ANTONIO • HONG KONG • LONDON • MUNICH

Lindsay G. Arthur, Jr., Esq.
September 12, 2003
Page 2

(3M's use of those materials, however, will not be in lieu of a full and complete 30(b)(6) deposition of Intertape, which 3M intends to take). With respect to other third parties, as we discussed, you will be contacting the third parties to obtain their consent to use their depositions and documents in this case under the protective order. To the extent third parties do not agree, and Defendants intend to depose such a third party, Defendants agree they will not object and will join 3M in seeking modification of the *3M v. Shurtape/Manco* Protective Order to permit us to use those depositions for cross-examination.

If these terms are acceptable to Defendants and you, please countersign the bottom of this letter and return a copy to me. Once you sign and send the countersigned letter, we agree that you may share 3M's documents and deposition transcripts from the Shurtape/Manco case -- subject to the terms of the Protective Order -- with your client.

Very truly yours,

Timothy M. Kenny

TMK:jcd


AGREED TO ON BEHALF OF DEFENDANTS:


By: _____
     Lindsay G. Arthur, Jr., Esq.


Date: _____

25328703.1