## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

3M COMPANY,                                         CASE NO. 03-2651 JRT/FLN

              Plaintiff,

vs.

INTERTAPE POLYMER GROUP, INC.,
IPG (U.S.) HOLDINGS INC., IPG (U.S.)
INC. and CENTRAL PRODUCTS
COMPANY,

              Defendants.

---

## DEFENDANT'S EXHIBITS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

DEFENDANT'S EXHIBIT NUMBER 20

75339125

TRADEMARK APPLICATION SERIAL NO._____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

75339125



# ARNOLD & PORTER

555 TWELFTH STREET, N.W.
WASHINGTON, D.C. 20004-1202
(202) 942-5000
FACSIMILE: (202) 942-5999

August 11, 1997

NEW YORK

DENVER

LOS ANGELES

LONDON



<u>By Hand Delivery</u>

Assistant Commissioner for Trademark
Box NEW APP -- FEE
2900 Crystal Drive
Third Floor Finance Window
Arlington, Virginia 22202-3513

Re:  Use-based Application
     Mark: BLUE (as applied to product)
     <u>Class:  16</u>

Dear Sir:

On behalf of Minnesota Mining and Manufacturing Company (aka 3M), I enclose the following materials for filing:

1.  Use-based Application with Declaration, Power of Attorney, Drawing Page

2.  Two Deposit Account Order Forms

3.  Three Specimens

4.  Supporting Exhibits

5.  Stamped, self-addressed return postcard

Please charge any fees due in connection with the filing of this application to Deposit Account No. 01-2510.

Should any questions arise regarding the filing of this application, please contact the undersigned at (202) 942-5285.

75339125

| U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE<br><br>DEPOSIT ACCOUNT ORDER FORM | FOR OFFICE USE ONLY | |
|---|---|---|
| | Item or<br>Service | Value Furnished<br>Action Off. Use |
| MAIL TO:<br>Commissioner of Patents & Trademarks<br>Washington, D.C.  20231 | | |
| DATE:<br>August 11, 1997 | | |
| ACCOUNT NO.:  ORDER NO.:<br>01-2510         10605.007 | | |
| Name and Address of Depositor:<br>Arnold & Porter<br>555 Twelfth Street NW<br>Washington, DC 20004-1202<br>Attn:  James T. Walsh<br>Room 814<br>(202) 942-5737 | | |

*(Stamp overlapping text: TRADEMARK MAILROOM REC'D AUG 1 1 1997  40  U.S. PATENT & TRADEMARK OFFICE)*

DESCRIPTION OF ARTICLES OR SERVICES TO BE FURNISHED

Applicant/Registrant:                Minnesota Mining and Manufacturing
                                     Company (aka 3M)

Mark:                                BLUE (as applied to product)

Class(es):                           16

Document(s):                         Use-based application with
                                     declaration, power of attorney,
                                     drawing page, specimens, exhibits

Fee(s):                              $245.00

_____
                          Signature

**FOR PROMPT, ACCURATE SHIPMENT**
**PLEASE COMPLETE THE FOLLOWING MAILING LABEL**

Department of Commerce                James T. Walsh, Esquire

75339125

*[Trademark Mailroom REC'D AUG 1 1 1997 US PATENT & TRADEMARK OFFICE 40]*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Mark:   BLUE (as applied to
         product)

Class No.: 16/17

To the Commissioner of Patents and Trademarks:

I.   THE APPLICANT

Minnesota Mining and Manufacturing Company
(aka 3M)
3M Center
St. Paul, Minnesota 55144-1000

A Corporation of Minnesota

II.   REQUEST FOR REGISTRATION - DESCRIPTION OF GOODS

The above-identified applicant has adopted and is
using the trademark shown in the accompanying drawing
for:

PREMIUM-QUALITY MASKING TAPE, in Class 16.

The Applicant requests that the mark be registered in the
United States Patent and Trademark Office on the
Principal Register established by the Act of July 5,

- 2 -

### III.  DATES OF FIRST USE

The trademark was first used by the applicant in connection with the goods at least as early as 1987; was first used in connection with the goods in interstate commerce at least as early as 1987; and is now used in commerce.

### IV.  DESCRIPTION OF THE MARK

The mark consists of the single color blue as applied to the entirety of the goods.  The dotted lines merely indicate the position of the mark on the goods and do not form part of the mark.

### V.  COLOR-LINING STATEMENT

The drawing is lined for blue and color is claimed as a feature of the mark.

### VI.  METHOD OF USE

The mark is used by placing it on the goods and in other ways customary in the trade, and three specimens of the mark as actually used are presented herewith.

- 3 -

VII.  <u>THE MARK IS NOT FUNCTIONAL</u>.

Blue is not the natural outcome of the manufacturing process for the goods.  It is not more economical to produce the goods in blue relative to other colors.  The primary purpose the color serves is to identify the applicant as the source of the goods and to distinguish the applicant's goods from like goods of others.

VIII.  <u>USE OF BLUE AND OTHER COLORS BY THE APPLICANT AND COMPETITORS</u>

The applicant was not only the first manufacturer of the goods to use blue on the goods, but the applicant continues to produce nearly all of the goods on the market which use any form of blue on the goods themselves.  The applicant offers the specific identified goods in blue only.

Competitors offer the goods in colors other than blue.  To the extent that any other manufacturer may use blue on the product, applicant's use is "substantially exclusive," and any such use by others is later than the applicant's use and potentially infringes the applicant's rights in the mark.

- 4 -

## IX.   CLAIM OF DISTINCTIVENESS

The applicant seeks registration under the provisions of Trademark Act § 2(f), 15 U.S.C. § 1052(f).

The mark has become distinctive of the applicant's goods in interstate commerce as a result of the applicant's substantially exclusive and continuous use of the mark on the goods in interstate commerce for at least nine years before the date on which this claim of distinctiveness is made.

As further evidence that the mark has become distinctive of the applicant's goods in commerce, the applicant asserts the following and offers the following supporting exhibits which are incorporated by reference.

A.   *Product Sales and Advertising Expenditures*

The goods, premium-quality masking tape, are a specialized type of masking tape used principally by professional painters.  The performance of the goods is superior to ordinary masking tape, and the goods are more expensive than ordinary masking tape.  Thus, the purchasers of the goods are sophisticated purchasers, that is, knowledgeable about the use of the goods, and the quality and performance of the goods.

- 5 -

The applicant's goods are, by far, the sales leader in the relevant product category.  Between 1988 and 1996, sales of the applicant's goods were in excess of $50 million.  The goods are sold nationwide.

Between 1988 and 1996, the applicant expended over $1 million in advertising the goods.  The advertising expenditures are substantial for a specialized product, such as premium-quality masking tape.  The advertising consisted principally of print advertisements in varied forms directed to the primary purchasers of the goods, professional painters and contractors.  The goods are advertised nationwide.

B.   *Promotion of the Mark in Advertisements*

The applicant has emphasized the distinctive blue color of the goods in advertising the goods.  The applicant has done so through verbal devices, including frequent mention of "blue," and through visual devices, by picturing the goods and otherwise using blue in its advertising.  See Exhibit A for examples of advertisements for the goods where the color blue is emphasized.

- 6 -

C.  *Evidence of Consumer Recognition*

Through the applicant's long use and extensive promotion of the mark, relevant consumers have come to associate the mark with the applicant and its goods. The attached statements from consumers establish such association.  See Exhibit B-1 consisting of statements from consumers of the goods indicating that they associate the mark as used on the goods with the applicant, and the verified statements from interviewers who collected the statements.

The consumers who provided the statements viewed the goods alone, without any packaging, graphics or text, and identified the applicant as the source of the goods by indicating the applicant company name and/or the applicant's registered trademarks which appear on the goods, specifically, 3M®, SCOTCH®, and/or LONG-MASK®.

- 7 -

Shugoll Research, a professional consumer
research service, not associated with the applicant,
collected the statements controlled conditions.  The
procedures employed in the collection of the statements
were designed to ensure objectivity.  See Exhibit B-2
consisting of the instructions governing the collection
of statements.  See Exhibit B-3 consisting of the
Questionnaire/Script used by the individuals who
collected the statements.  See Exhibit B-4 consisting of
sworn statements from the individuals who collected the
statements verifying that they followed the prescribed
procedures.  See Exhibit B-5 consisting of the display
used in the collection of the statements.

These statements establish that relevant
consumers associate the mark, the color blue, when used
on premium-quality masking tape, with the applicant.

*       *       *

The evidence presented in conjunction with this
application demonstrates that the mark has become
distinctive of the applicant's goods in commerce and
satisfies the evidentiary standards relevant to single-
color marks.  See In re Owens-Corning Fiberglas Corp.,

- 8 -

X.   POWER OF ATTORNEY

The applicant hereby designates:

Robert W. Hoke, II, Esq., and
Doreen S.L. Gwin, Esq.
  of 3M Office of Intellectual Property Counsel

and

James T. Walsh,
Roberta L. Horton, and
Jule L. Sigall
  Of Arnold and Porter

to prosecute this application to register, to transact
all business in the Patent and Trademark Office in con-
nection therewith, and to receive the certificate of
registration.

XI.   FILING CORRESPONDENT

Please address all correspondence to:



Robert W. Hoke, II, Esq.
3M Office of Intellectual Property Counsel
3M Center, Box 33427
St. Paul, Minnesota 55133-3427
(612) 736-3783

- 9 -

## XII.   <u>DECLARATION</u>

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the U.S. Code and that such willful false statements may jeopardize the validity of the application or any registration resulting therefrom, declares that:  he is an officer of the applicant corporation and is authorized to execute this application on behalf of said applicant; he believes the applicant is the owner of the mark sought to be registered; to the best of his knowledge and belief no other person, firm, corporation or association has the right to use said mark in commerce, either in the identical form or in such near resemblance thereto as to be likely, when used in connection with the goods of such other person, to cause confusion, to cause mistake, or to deceive; and that all statements made of his knowledge are true and all statements made on information and belief are believed to be true.

Minnesota Mining and
Manufacturing Company

By: _____



OCT-06-97 17:47 FROM:                    ID:2029425999                    PAGE   2/6

# ARNOLD & PORTER

555 TWELFTH STREET, N.W.
WASHINGTON, D.C. 20004-1206
(202) 942-5000
FACSIMILE: (202) 942-5999

JAMES T. WALSH
OF COUNSEL
(202) 942-5737

NEW YORK
DENVER
LOS ANGELES
LONDON

October 6, 1997

VIA FACSIMILE

Office of the Assistant Commissioner
   for Trademarks
United States Patent & Trademark Office
2900 Crystal Drive, Suite 10B10
Arlington, Virginia  22202-3515

   Re:   Petition to Make Special - Application
         Serial No. 75/339,125 - MISC. DESIGN

Dear Sir:

     We are filing this petition on behalf of our
client, Minnesota Mining and Manufacturing Company
("3M"), the applicant in the above referenced
application.  The purpose of this petition is to request
special, expedited processing and examination of the
above-identified application in accordance with
Trademark Rule 2.146, 37 C.F.R. § 2.146, and *Trademark
Manual of Examining Procedure* § 1102.04.  The applicant
has identified and is investigating potentially
infringing uses of the mark.  Early registration of the
mark is essential to enable the applicant to pursue
appropriate enforcement measures, if necessary.  These
circumstances fall squarely within the guidelines
specified in TMEP § 1102.04(a) for the grant of a
Petition to Make Special.

     Please charge all fees associated with the
petition to Deposit Account No. 01-2510.  We look
forward to an early, favorable decision on this petition
and prompt action on the application.

     We also enclose a request to correct the filing

ARNOLD & PORTER

Office of the Assistant Commissioner
  for Trademarks
October 6, 1997
Page 2

validity of the application or any registration
resulting therefrom, the undersigned declares that all
statements made of his own knowledge are true and that
all statements made on information and belief are
believed to be true.

Thank you for your consideration.

Sincerely,

James T. Walsh
Roberta L. Horton
Attorneys for Applicant

Enclosure

cc:    Doreen S.L. Gwin, Esq.
       Intellectual Property Counsel
       Office of Intellectual Property Counsel
       Minnesota Mining and Manufacturing Company

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant: **Minnesota Mining and Manufacturing Company**
(aka 3M)

Serial No.: 75/339,125

Mark: BLUE (as applied to
        product)

Class No.: 16

To the Commissioner of Patents and Trademarks:

### REQUEST FOR CORRECTION OF THE FILING RECEIPT

The Patent and Trademark Office filing receipt,
issued with respect to the above-referenced application,
incorrectly indicates that the basis of the application
is "Sect. 1(b) (intent to use)." The application is
based on Section 1(a) (use in commerce) and asserts dates
of use as follows:

"The trademark was first used by the applicant in
connection with the goods at least as early as 1987; was
first used in connection with the goods in interstate
commerce at least as early as 1987; and is now used in
commerce."

- 2 -

Please correct the application filing receipt and
PTO data base accordingly.

Thank you for your assistance.

Sincerely,

James T. Walsh
Attorney for Applicant
Arnold & Porter
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5737
FAX (202) 942-5999

# FILING RECEIPT FOR TRADEMARK APPLICATION

Page 01 of 01

09/04/97

Receipt on the DATE OF FILING of the application for registration and filing fees is acknowledged for the mark identified below. The DATE OF FILING is contingent upon the collection of any payment made by check or draft. Your application will be considered in the order in which it was received and you will be notified as to the examination thereof. Action on the merits should be expected from the Patent and Trademark Office in approximately 06 months from the filing date. When inquiring about this application, include the SERIAL NUMBER, DATE OF FILING, OWNER NAME, and MARK.

ROBERT W HOKE
3M OFFICE OF INTELLECTUAL PROP COUNSEL
3M CTR BOX 33427
ST PAUL MN 55133-3427

3M OFFICE OF
INTELLECTUAL
PROPERTY COUNSEL

ATTORNEY
REFERENCE NUMBER

SEP 0 8 1997

REFERRED TO _RWH_

---

## PLEASE REVIEW THE ACCURACY OF THE FILING RECEIPT DATA.

request for correction to the filing receipt should be submitted within 30 days to the following address: ASSISTANT COMMISSIONER FOR TRADEMARKS, 2900 CRYSTAL DRIVE, ARLINGTON, VIRGINIA 22202-3513. The correspondence should be marked to the attention of the Office of Trademark Program Control. The Patent and Trademark Office will review the request and make corrections when appropriate.

---

SERIAL NUMBER: 75/339125
FILING DATE: Aug. 11, 1997
REGISTER: Principal
LAW OFFICE: 107
MARK:
MARK TYPE(S): Trademark
DRAWING TYPE: Miscellaneous design
FILING BASIS: Sect. 1(b) (Intent to Use)

---

ATTORNEY: ROBERT W HOKE

OWNER: Minnesota Mining and Manufacturing Company (MINNESOTA, Corporation), AKA 3M
    3M Center
    St. Paul, MINNESOTA 551441000

---

FOR: premium-quality masking tape
    INT. CLASS: 016

ALL OF THE GOODS/SERVICES IN EACH CLASS ARE LISTED

---

### OTHER DATA

DESCRIPTION OF MARK: The mark consists of the single color blue as applied to the entirety of the goods. The dotted lines merely indicate the position of the mark on the goods and do not form part of the mark.



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia 22202-3513

OCT - 8 1997

James T. Walsh, Esq.
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C.  20004-1206

Re:  Trademark Application Serial No. 75/339125 for the mark
     MISCELLANEOUS DESIGN

Dear Mr. Walsh:

This will acknowledge your Petition to Make Special that was filed in connection with the above-identified trademark application and was received in the Trademark Office on October 6, 1997.

Your Petition to Make Special has been considered by the Office of the Assistant Commissioner for Trademarks and has been found to meet all requirements.  37 C.F.R. § 2.146 and TMEP §§ 1102.04 and 1102.04(a).

Decision:  Petition to Make Special is hereby GRANTED.

The trademark application will be returned to the Trademark Examining Groups and be handled in accordance with TMEP § 1102.02.

The application has been changed in the system to a Use-based application instead of an ITU.  A new filing receipt will be issued.

Sincerely,

Carol P. Smith
Paralegal Specialist



**UNITED STATES [ `RTMENT OF COMMERCE**
Patent and Tradel... Office

ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia 22202-3513

Nov. 28, 1997

## NOTICE OF PUBLICATION UNDER 12(a)

1. Serial No.:
   75/339,125

2. Mark:
   Miscellaneous Design

3. International Class(es):
   16

4. Publication Date:
   Dec. 30, 1997

5. Applicant:
   Minnesota Mining and Manufacturing Compa

The mark of the application identified appears to be entitled to registration. The mark will, in accordance with Section 12(a) of the Trademark Act of 1946, as amended, be published in the Official Gazette on the date indicated above for the purpose of opposition by any person who believes he will be damaged by the registration of the mark. If no opposition is filed within the time specified by Section 13(a) of the Statute or by rules 2.101 or 2.102 of the Trademark Rules, the Commissioner of Patents and Trademarks may issue a certificate of registration.

Copies of the trademark portion of the Official Gazette containing the publication of the mark may be obtained at $28.00 each for domestic orders, or at $35.00 each for foreign orders from:

The Superintendent of Documents
U.S. Government Printing Office
Washington,D.C. 20402

By direction of the Commissioner.

## UNITED STATES DEPARTMENT OF COMMERCE
### Patent and Trademark Office

---

PAPER NO. 6A

ADDRESS:
Assistant Commissioner for Trademarks
2900 Crystal Drive
Arlington, Va 22202-3513
If no fees are enclosed, the address should
include the words "BOX Responses - No fee".

```
75/339125        0000000
ROBERT W HOKE
3M OFFICE OF INTELLECTUAL PROP COUNSI
3M CTR BOX 33427
ST PAUL MN  55133-3427
```

Please provide in all correspondence:

1. Filing date, serial number, mark, and applicant's name.

2. Mailing date of this Office action.

3. Your telephone number and ZIP code.

4. Examining attorney's name and law office number.

---

75/339125

### EXAMINER'S AMENDMENT

In accordance with the telephone conversation of March 4, 1998 with James Walsh, this Office has entered the amendments noted below in the referenced application.  The applicant need not file a response in this case unless the applicant objects to the noted amendment.

Amend the International class to International Class 17.

Teresa Rupp
Senior Trademark Attorney
Law Office 106
(703) 308 - 9106 ext 162



**UNITED STATES   DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia 22202-3513

Apr 3, 1998

## NOTICE OF PUBLICATION UNDER 12(a)

1. Serial No.:
   75/339,125

2. Mark:
   Miscellaneous Design

3. International Class(es):
   17

4. Publication Date:
   May 5, 1998

5. Applicant:
   Minnesota Mining and Manufacturing Compa

The mark of the application identified appears to be entitled to registration. The mark will, in accordance with Section 12(a) of the Trademark Act of 1946, as amended, be published in the Official Gazette on the date indicated above for the purpose of opposition by any person who believes he will be damaged by the registration of the mark.  If no opposition is filed within the time specified by Section 13(a) of the Statute or by rules 2.101 or 2.102 of the Trademark Rules, the Commissioner of Patents and Trademarks may issue a certificate of registration.

Copies of the trademark portion of the Official Gazette containing the publication of the mark may be obtained at $38.00  each for domestic orders, or at $47.50 each for foreign orders from:

The Superintendent of Documents
U.S. Government Printing Office
PO Box 371954
Pittsburgh, PA  15250-7954
Phone: (202)512-1800

By direction of the Commissioner.